Affirmed and Memorandum Opinion filed August 21, 2007








Affirmed and Memorandum
Opinion filed August 21, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00525-CR

____________

 

CARLOS HERNANDEZ TELLO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause No. 1032149

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Carlos Hernandez Tello, was found guilty by a
jury of indecency with a child. See Tex. Penal Code Ann. ' 21.11(a) (Vernon
2003).  The jury assessed punishment at ten years confinement in the Texas
Department of Criminal Justice, Institutional Division.  In a single issue,
appellant contends the trial court erred in denying his motion to suppress his
statement to police.  We affirm.








Factual and Procedural Background

Appellant came to the United States in 1993 and lived with
his sister and eight year-old niece, M.R., for approximately one year. 
Appellant took care of M.R. during the evenings while his sister was at work. 
In March of 2005, M.R. told her mother that she had been molested by appellant
in 1993.  M.R.=s mother contacted the Houston Police Department, and
M.R.=s case was
assigned to Officer Francisco Fernandez of the Juvenile Sex Crimes Division.   

On the morning of June 27, 2005, appellant was arrested. 
Officer Fernandez interviewed appellant at 6:00 p.m. on June 27, while
appellant was still in custody.  The interview was conducted in Spanish and
lasted approximately forty-five minutes.  Appellant was advised of his Miranda
rights and agreed to give a statement.  The interview was recorded on
audiotape, transcribed, and translated into English by a licensed court
interpreter. 

Appellant was indicted for indecency with a child and pleaded
not guilty.  Appellant moved to suppress his oral statement on the ground that
his statement was involuntary because appellant was intoxicated at the time he
was interviewed by Officer Fernandez.  The trial court conducted a hearing and
denied appellant=s motion to suppress.  An audiotape of
appellant=s statement was admitted into evidence at trial and
published to the jury.  Rolando Hernandez, a licensed court interpreter,
testified at trial and translated portions of appellant=s statement which
were inculpatory.[1] 
Appellant did not object to Hernandez=s translation of
appellant=s statement.  Appellant was found guilty of indecency
with a child and sentenced to ten years= confinement.  








Discussion

Appellant=s sole issue contends that his statement
to Officer Fernandez was involuntary because appellant was so intoxicated at
the time of his statement that he was incapable of understanding the nature of
the statement or making an informed decision about giving a statement to
police. 

I.
Standard of Review

We review a trial court=s ruling on a
motion to suppress under a bifurcated standard of review, giving almost total
deference to the trial court=s findings of historical fact and
reviewing de novo the trial court=s application of
the law.  Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
When a trial court=s decision to admit or exclude evidence is
correct based on any theory of law applicable to the case, the trial court=s decision will be
affirmed.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 
The trial judge is the exclusive trier of fact and judge of the credibility of
the witnesses and the weight to be given to their testimony at the suppression
hearing.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

II.
Applicable Law

A statement may be deemed involuntary in three
circumstances: (1) noncompliance with article 38.22 of the Texas Code of
Criminal Procedure; (2) noncompliance with the dictates of Miranda v.
Arizona, 384 U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966); or (3) a
violation of due process or due course of law because the statement was not
freely given (e.g. coercion, improper influences, incompetency).  Wolfe v.
State, 917 S.W.2d 270, 282 (Tex. Crim. App. 1996).  Here, appellant argues
only the third circumstance.








A defendant in a criminal case is deprived of due process
of law if his conviction is founded, in whole or in part, upon an involuntary
confession, without regard for the truth or falsity of the confession, and even
though there is ample evidence aside from the confession to support the
conviction. Sells v. State, 121 S.W.3d 748, 767 (Tex. Crim. App. 2003). 
Intoxication, while relevant, does not render a confession involuntary per se.
Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996).  Instead, the
question becomes whether the defendant=s intoxication
rendered him incapable of making an independent, informed, decision to confess.
Id.

The burden of proof at the suppression hearing is on the
prosecution.  Alvarado v. State, 912 S.W.2d 199, 211 (Tex. Crim. App.
1995).  The prosecution must prove by a preponderance of the evidence that the
defendant gave his statement voluntarily. Id. 

III.
Analysis

Two witnesses testified at the suppression hearing.[2] 
Officer Fernandez testified he received training at the police academy in the
administration of field sobriety tests and the detection of signs of
intoxication.  Fernandez testified appellant had been in custody for ten hours
prior to the time he was interviewed and could not have consumed any alcohol
during that time.  Fernandez testified he interviewed appellant for forty-five
minutes and saw no indication that appellant was intoxicated.  Fernandez
testified he did not smell alcohol on appellant=s breath, and
appellant did not have bloodshot eyes or slurred speech.  Fernandez testified
appellant appeared to understand the questions Fernandez was asking.  Fernandez
further testified appellant was not denied any basic necessities, coerced,
threatened, or promised anything in exchange for his statement.  








Appellant=s wife, Melesia Martinez, testified
appellant consumed twenty-four beers during the three-day period preceding his
arrest.  Martinez testified appellant Ahad been drinking
for about three days, drinking a lot.@  Martinez gave
conflicting testimony regarding whether appellant consumed any alcohol on the
morning of his arrest; first testifying that he did not, then stating that
appellant drank beer Ain the morning.@  Martinez
testified she saw appellant when he left for work on the morning of his arrest,
and appellant was Astill under the influence of alcohol.@  When asked if
appellant was intoxicated or drunk, Martinez responded, ANot a lot. Yes, he
did have beer.  Yes, he was a little.@  On
cross-examination, Martinez testified appellant had been awake for three days
and had been drinking the entire time.  However, Martinez testified appellant
had been managing a crew of workers during the same three-day period and was
able to function and communicate with the workers because appellant Ahad a good brain@ and was able to Awithstand the
drinking.@  Martinez further testified that she was concerned
about appellant driving when he left for work on the day of his arrest;
however, she believed that appellant was in full control of himself.

Appellant argues that his statement to Fernandez provides
evidence that appellant Awas unable to appreciate the severity of
the offense alleged against him by his niece.@  We disagree.  We
have reviewed State=s Exhibit 2, a transcript of Officer
Fernandez=s interview of appellant containing a Spanish to
English translation.[3] 
During the interview, appellant was able to recall, in detail, events which
occurred more than ten years ago.  Appellant described the circumstances under
which he came to live in his sister=s house and the
details of his sister=s daily work schedule during 1993. 
Appellant initially denied having any inappropriate contact with M.R., but then
made inculpatory statements and expressed remorse.  








The only witness to testify on behalf of appellant gave
conflicting testimony regarding the time when appellant last consumed alcohol,
and whether appellant was intoxicated when he left for work on the morning of
his arrest.  The evidence at the suppression hearing shows that appellant was in
custody for ten hours prior to being interviewed and could not have consumed
any alcohol during that time.  Further, Officer Fernandez, a police officer
trained to detect signs of intoxication, testified appellant did not exhibit
any signs of intoxication during the forty-five minute interview.  Having
reviewed the evidence, we hold that the trial court did not err in denying
appellant=s motion to suppress.  Accordingly, appellant=s issue is
overruled.  

Conclusion

Having considered and overruled appellant=s single issue on
appeal, we affirm the judgment of the trial court.

 

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 21, 2007.

Panel consists of
Justices Anderson, Fowler, and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 









[1]  Hernandez testified, A[Appellant] said that he will sometimes kiss her in the B in her little mouth. . . . [Appellant] said that they
were playing in a sofa and that he came B
that=s, you know, the word he used in Mexican, in Spanish
slang, that B that he came on her little legs but did not B I=m sorry B but did not penetrate her.@ Hernandez testified that the term Acame@ is Spanish
slang for ejaculation. 





[2]  Appellant did not testify at the hearing on his
motion to suppress.  In his appellate brief, appellant directs us to portions
of his trial testimony in support of his argument that the trial court erred in
denying his motion to suppress.  However, because that evidence was not before
the trial court at the time of its ruling, we may not consider it in our
analysis. See Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App.
2002) (noting that a reviewing court must review a trial court=s ruling on admission of evidence in light of evidence
before the trial court at the time the ruling was made).   





[3]   State=s Exhibit 2 was admitted into
evidence, without objection, for the purposes of the suppression hearing.